# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDDIE GORDON, SR.,

      Plaintiff,

v.

                                            Case No. 14-3138-JTM

BRIAN COLE, et al,

      Defendants.

## MEMORANDUM AND ORDER OF DISMISSAL

This matter comes before the court on plaintiff Eddie Gordon, Sr.'s motion to amend his civil rights complaint. Dkt. 10. On March 12, 2015, the court issued an Order to Show Cause to Gordon that required him to explain why this action should not be dismissed due to the deficiencies discussed therein. (Dkt. 5). The court granted Gordon thirty days in which to show good cause in writing. In lieu of filing a response to the Order to Show Cause, Gordon filed this motion to amend on April 14, 2016, over a year later. For the reasons stated below, the court denies the motion and dismisses the action.

Gordon's complaint (Dkt. 1) and supplement (Dkt. 3) alleged that during the Ramadan month in 2014, his First Amendment right to practice his religion as a Muslim was violated and he was subjected to cruel and unusual punishment when prison officials served him extra cold and unbearable meals so close to his prayer time that he could not eat them before his fast began. The Order to Show Cause pointed out the following major deficiencies in Gordon's complaint: 1) insufficient allegations to show that Gordon has fully and properly exhausted administrative remedies on each of his claims; 2) insufficient allegations of personal participation by each named defendant; 3) no allegation of a physical injury to support a claim for damages; 4)

insufficient allegations to support a First Amendment claim; and 5) no allegations of a sufficiently serious deprivation, of a substantial risk of serious harm, or of deliberate indifference by prison officials, as required for an Eighth Amendment claim. Dkt. 5 at 9, 13, 16-22. After comparing the original complaint with the amended complaint, the court finds no significant difference in their content. Thus, even if the court excused Gordon's untimeliness in responding to the Order to Show Cause, because the proposed amendments do not cure the deficiencies the court previously discussed, amendment would be futile. Accordingly, the court denies leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (Although leave to amend is generally freely given, a court may deny leave if the proposed amendment is futile.); *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Additionally, because Gordon has failed to adequately address the deficiencies, the court dismisses the action.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (Dkt. 10) is DENIED.

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS SO ORDERED** this 15th day of July 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge